CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 18 2010

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES WHITNER, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 7:09CV00140 |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| TRACY RAY, ET AL., | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Respondent. | ) |

This civil rights action, brought under 42 U.S.C. §1983, is before the court upon the Report and Recommendation of the United States Magistrate Judge, prepared pursuant to 28 U.S.C. § 636(b). The magistrate judge recommended that the court grant defendants' motion for summary judgment as to plaintiff's claims that prison officials used excessive force against him and related allegations. Whitner, proceeding pro se, has filed objections to portions of the Report. Upon de novo review of pertinent parts of the Report and the record, the court concludes that the objections must be overruled and that the Report must be adopted to the extent that it recommends summary judgment for the defendants.

I

Plaintiff James Whitner alleged the following sequence of events in his verified complaint. Over several months while he was incarcerated at Red Onion State Prison, he filed grievances alleging that the defendant correctional officers had threatened to assault him and had harassed him on occasion by depriving him of meals and recreation and by turning off the power to his cell, but the warden took no action in response to these allegations. On January 9, 2009, while escorting a cuffed and shackled Whitner from one housing unit to another, Officers Hess

to violate Whitner's Eighth Amendment rights under the standard set forth in <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992). (Report 10-11.) Specifically, the magistrate judge viewed the video footage as reflecting "that the officers did not slam Whitner against a wall or doorway, or beat him," that Whitner made disruptive movements that officers could have interpreted as his attempts to escape their control, that they held him briefly against a wall, that he fell to his knees and then later fell to the ground, rather than being pushed by the officers, and that the movements of the officers' hands while Whitner was lying on the ground are not consistent with the inmate's allegations that they beat him in the face during this time period. (Report 10-11.) The magistrate judge concluded that because Whitner's allegations that he was not disruptive and that the officers maliciously assaulted him are not consistent with the video evidence, these allegations need not be accepted as true. See <u>Iko v. Shreve</u>, 535 F.3d 225, 230 (4th Cir. 2008) (finding that on summary judgment, when "the record contains an unchallenged videotape capturing the events in question, [the court] must only credit the plaintiff's version of the facts to the extent it is not contradicted by the videotape.") Accordingly, the magistrate judge concluded that Whitner's claim of excessive force fails.

Based on the conclusion that Whitner fails to present any genuine issue of material fact as to excessive force, the magistrate judge found that Whitner has no claim against the warden for failing to prevent a constitutional violation. See <u>Slaken v. Porter</u>, 737 F.2d 368, 372 (4th Cir. 1982). Finally, the magistrate judge determined that Whitner's other allegations, such as his assertions that the defendant officers occasionally deprived him of food and turned off the power to his cell, are insufficient to state any constitutional claim cognizable under § 1983. For these

3

and Large "continuously" slammed Whitner's face into an entryway doorpost, slammed him onto the ground, beat and "sadistically" assaulted him. As a result of the encounter, Whitner suffered a laceration to his chin which required four stitches, a blood-filled blister on his lip, a chipped tooth, and lacerations to his knees.

Defendants moved for summary judgment, offering affidavit evidence, medical records, and surveillance video footage in support of their arguments. They asserted that Whitner suffered only de minimis injuries, that the injuries occurred as a result of his own disruptive behavior and refusal to walk across the yard, and that the officers, in a good faith effort to restore order, used only the amount of force reasonably necessary to regain control over him.

Whitner responded to the motion, denying that he refused to walk or otherwise acted disruptively on January 9, 2009. Whitner viewed the video footage offered in support of defendants' motion and did not challenge its authenticity as evidence of what occurred on that day. Rather, he argued that the video proves his allegations that the officers used excessive forced against an unresisting inmate.

II

The magistrate judge found from the medical evidence that Whitner's injuries were de minimis. Therefore, the magistrate judge concluded that Defendants Large and Hess are entitled to summary judgment, because Whitner fails to satisfy the threshold element of harm as required under Norman v. Taylor, 25 F.3d 1259, 1962 (4th Cir. 1994), to succeed on his Eighth Amendment excessive force claim. (Report 9-10.) As an alternative ground for summary judgment, the magistrate judge held that the video footage, offered by both parties as evidence, supports a finding that the officers did not act "maliciously and sadistically to cause harm" so as

reasons, the magistrate judge recommended that the defendants' motion for summary judgment be granted.

## III

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo review of those portions of the Report and Recommendation to which specific objection is made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1). In the absence of specific objections to the Report and Recommendation, the court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199-200 (4th. Cir.1983).

In response to the magistrate judge's Report, Whitner states:

> I was assaulted by two officers E. Hess/B. Large on [January 19, 2009]. The Magistrate [Judge] dismissed this case because he doesn't believe I was assaulted even though the video of the assault was submitted to the court. I don't know much about the law. I don't have money for [a] lawyer. I was assaulted. [T]he video should reflect that. All I'm asking is for justice. I laid in a pool of my own blood cause I fell victim to the hands of these two men while in full restrain[t]s, handcuff[s], an[d] shackles. Prior to the assaul[t], I was receiving threats from these same two officers. I made warden Trac[y] Ray aware of this an[d] he did nothing. Please look into this case for me.

(Plaintiff Response, Dkt. No. 20.) In an abundance of caution, because Whitner is proceeding pro se, the court construes his response as an objection to the Report's findings that Whitner suffered only de minimis injury, that the video supports defendants' version of what occurred on January 19, 2009, and that the supervisory claim against the warden fails.

4

The court has throughly reviewed the Report and the relevant case law, and has conducted a de novo review of the pertinent portions of the Report and the record, including the video footage. In light of a recent decision by the United States Supreme Court, the court cannot adopt the Report's conclusion that the de minimis nature of Whitner's injuries forecloses a viable Eighth Amendment claim of excessive force. See Wilkins v. Gaddy, ___U.S.___, 130 S. Ct. 1175, 175 L. Ed.2 995 (Feb. 22, 2010). Nevertheless, because the court agrees that the video footage offered as evidence by all parties is inconsistent with Whitner's allegations that the defendants applied force maliciously to cause harm, the court will adopt the Report to the extent that it recommends granting summary judgment on behalf of the defendants.

A

"After incarceration, only the unnecessary and wanton infliction of pain on prisoners constitutes cruel and unusual punishment" in violation of the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotations omitted); Hudson, 503 U.S. at 6-7.

> For an inmate to prove an excessive force claim, he must satisfy not only the subjective component that the correctional officers acted with a sufficiently culpable state of mind, but also the objective component that his alleged injury was sufficiently serious in relation to the need for force to establish constitutionally excessive force.

Stanley v. Hejirika, 134 F.3d 629, 634 (4th Cir. 1998). Plaintiff must prove that, subjectively, the force was applied "maliciously and sadistically for the very purpose of causing harm," rather than "in a good faith effort to maintain or restore discipline." Id. (quoting Whitley, 475 U.S. at 320-21). This determination considers such factors as the amount of force used as related to the need for force, the threat reasonably perceived by the officers, and any attempts the officers made

5

to "temper the severity of a forceful response." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

To prove the second component of his excessive force claim, the inmate "must show that correctional officers' actions, taken contextually, were 'objectively harmful enough' to offend 'contemporary standards of decency.'" Stanley, 134 F.3d at 634 (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1993)). This part of the analysis "evaluates the force applied and the seriousness of the resulting injury against the need for the use of force and the context in which that need arose." Id. In short, the "core judicial inquiry [is] the nature of the force—specifically, whether it was nontrivial and was applied . . . maliciously and sadistically to cause harm." Wilkins, 175 L.E.2d at 1000.

In recommending that summary judgment be entered for the defendants on Whitner's excessive force claims, the magistrate judge relied on a line of cases decided by the United States Court of Appeals for the Fourth Circuit. See Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998); Riley v. Dorton, 1159 F.3d 1159, 1166 (4th Cir. 1997); Norman, 25 F.3d at 1962. These cases interpreted Hudson v. McMillian, 503 U.S. 1, as recognizing that, generally, a plaintiff cannot succeed on his § 1983 excessive force claim if his injuries were, objectively, de minimis. See Riley, 115 F.3d at 1166 ("Even if there is a genuine issue of material fact as to whether Defendants behaved maliciously or sadistically after the need for force had subsided, [plaintiff] has failed to show that his injuries resulting from such force are more than de minimis.").

On February 22, 2010, the United States Supreme Court issued its decision in Wilkins, finding that this Fourth Circuit interpretation of Hudson, requiring dismissal of excessive force claims in the absence of more than de minimis injury, "is not defensible." 175 L.Ed.2 at 1000.

The Court recognized that lack of significant injury will be a factor in determining the necessity for force and the amount of force used, but held that injury and force are "only imperfectly correlated, and it is the latter that ultimately counts." Id. at 999.

In reliance on Norman, 25 F.3d at 1962, the magistrate judge ruled that "Whitner cannot meet the threshold issue of showing a constitutionally cognizable injury because his injuries are de minimis." (Report 9.) It is this focus on the extent of the injury, rather than on the nature of the force applied, that Wilkins denounces. 175 L.Ed.2 at 999. Accordingly, the court cannot adopt the Report to the extent that it recommends granting summary judgment based on the nature of Whitner's injuries alone.

Relying on the unchallenged video footage, however, the magistrate judge also concluded that there is no genuine issue of material fact in dispute as to whether the officers' uses of force on January 9, 2009 were constitutionally excessive under the circumstances. The court agrees with the magistrate judge that no reasonable factfinder, viewing the videotape, could find that the defendant officers "slammed" Whitner into the door post, the wall, or the floor "maliciously or sadistically for the very purpose of causing harm" or that they beat him while he lay on the floor. The officers' actions reflected on the video are not violent, extreme, or otherwise indicative of an intent to injure Whitner, nor do the officers attempt to hide their actions or Whitner's injuries from other officers. Rather, the videotaped behavior of the officers is consistent with their affidavit descriptions of their actions as good faith efforts to keep Whitner under control and move him safely from area to area as assigned. As the videotape directly contradicts the allegations in Whitner's verified complaint that the officers purposely inflicted harm on him, the court need not credit his version of the facts as true for purposes of summary judgment. Iko, 535

F.3d at 230. Furthermore, based on the conclusion that the correctional officers did not use excessive force, the court also concludes that Whitner has no § 1983 claim against the warden for failing to prevent a constitutional injury. Slaken, 737 F.2d at 372. Finding no genuine issue of material fact in dispute, the court concludes that defendants are entitled to summary judgment as a matter of law as to Whitner's claims of excessive force and supervisory liability.

**B**

Whitner makes no objection to the Report's conclusion that Whitner's other allegations fail to state any constitutional claim against the defendants. Therefore, the court will adopt the Report's findings and conclusions as to these claims and will grant summary judgment for the defendants.

**IV**

For the stated reasons, Whitner's objections to the Report are overruled. The court adopts the Report as to the findings and conclusions that the defendant officers' uses of force were not unconstitutional and that Whitner has no other actionable § 1983 claim against them or the warden. Accordingly, the court grants summary judgment for the defendants. An appropriate order will issue this day.

The Clerk is directed to send a copy of this order to plaintiff and to counsel of record for the defendants.

ENTER: This 15th day of March, 2010.

_____
United States District Judge